1
CRAIG G. STAUB, Bar No. 172857
cstaub@littler.com

2
CARLOS JIMENEZ, Bar No. 227534
cajimenez@littler.com

3
LITTLER MENDELSON, P.C.
633 West Fifth Street

4
63rd Floor
Los Angeles, CA 90071

5
Telephone: 213.443.4300
Fax No.: 213.443.4299

6

7
Attorneys for Defendants
CONTINENTAL AIRLINES, INC., and
UNITED AIRLINES, INC.

8

9

10
UNITED STATES DISTRICT COURT

11
CENTRAL DISTRICT OF CALIFORNIA

12
BENJAMIN CASTRO, as an
individual and on behalf of all others
similarly situated,

13

Case No.   CV14-0169 SVW-AGR x

14

Plaintiffs,

**DEFENDANTS' NOTICE OF
REMOVAL TO FEDERAL COURT**

15

vs.

**[28 U.S.C. §§ 1332, 1441, 1446]**

16

17
CONTINENTAL AIRLINES, INC., a
Delaware Corporation; UNITED
AIRLINES, INC., a Delaware
Corporation; and DOES 1 through 100
inclusive,

Complaint Filed: November 27, 2013
(Los Angeles County Superior Court)

18

19

20

Defendants.

21

22

23

24

25

26

27

28

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2  CENTRAL   DISTRICT   OF   CALIFORNIA,   PLAINTIFF,   AND   HIS

3  ATTORNEYS OF RECORD:

4          PLEASE TAKE NOTICE that Defendants CONTINENTAL AIRLINES, INC.

5  ("Continental") and UNITED AIRLINES, INC. ("United") (collectively referred to as

6  "Defendants") by and through their undersigned counsel, contemporaneously with the

7  filing of this Notice, hereby effect removal of the above-referenced action from the

8  Superior Court in the State of California for the County of Los Angeles to the United

9  States District Court for the Central District of California.  This removal is based on

10  28 U.S.C. sections 1332, 1441 and 1446 and, specifically, on the following grounds:

11                        **I.  STATEMENT OF JURISDICTION**

12          1.    This Court has original jurisdiction over this action pursuant to the Class

13  Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1332(d).  CAFA grants

14  district courts original jurisdiction over civil class actions filed under federal or state

15  law in which any member of a class of plaintiffs is a citizen of a state different from

16  any defendant, and where the amount in controversy for the putative class members in

17  the aggregate exceeds the sum or value of $5 million, exclusive of interest and

18  costs.  CAFA authorizes removal of such actions in accordance with United States

19  Code, title 28, section 1446.  Here, as set forth below, this case meets all of CAFA's

20  requirements for removal because the proposed class contains at least 100 members,

21  there is diversity between at least one class member and one defendant and the amount

22  in controversy for all class members exceeds $5 million. *See* 28 U.S.C. § 1332(d).

23                                    **II. VENUE**

24          2.    The action was filed in the Superior Court of California for the County of

25  Los Angeles.  Venue properly lies in the United States District Court for the Central

26  District, Western Division of California because it is the district court where the state

27  court action is pending. *See* 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

28

3.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446.

### III. PLEADINGS, PROCESS AND ORDERS

4.  This lawsuit arises out of Plaintiff Benjamin Castro's ("Plaintiff") employment with Continental.  On November 27, 2013, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Benjamin Castro, as an individual and on behalf of all others similarly situated vs. Continental Airlines, Inc., a Delaware Corporation; United Airlines, Inc., a Delaware Corporation; and DOES 1 through 100 inclusive*, designated as Case No. BC529105 (herein referred to as the "Complaint").  True and correct copies of the Summons, Complaint, and Civil Case Cover Sheet are attached to this Notice as **Exhibit "A"** pursuant to 28 U.S.C. §1446(a).

5.  The Complaint asserts the following claims for relief: (1) Violation of California Labor Code § 226.  (Complaint; **Exhibit "A"**).

6.  Attached hereto as **Exhibit "B"** are true and correct copies of all other documents served and filed with the Superior Court of the County of Los Angeles pursuant to 28 U.S.C. § 1446(a).

7.  On January 6, 2014, Defendants filed an Answer to Plaintiff's Complaint pursuant to Cal. Code of Civ. Proc. § 431.30 in Los Angeles County Superior Court.  A true and correct copy of Defendants' Answer to Plaintiff's Complaint is attached hereto as **Exhibit "C"** pursuant to 28 U.S.C. §1446(a).

8.  To Defendants' knowledge, no other pleadings, process or orders related to this case have been filed with the Superior Court for the County of Los Angeles.

### IV. NOTICE TO STATE COURT AND PLAINTIFFS' COUNSEL

9.  Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to Plaintiff's Counsel of Record, Larry W. Lee, Esq. and Daniel H. Chang, Esq. of Diversity law Group, P.C., Edward W. Choi,

Esq. of Law Offices of Choi & Associates, and Thomas M. Lee, Esq. of Lee Law Offices, APLC, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles as required by 28 U.S.C. §1446(d).

## V. <u>TIMELINESS OF REMOVAL</u>

10. This Notices of Removal is timely. A notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint). Here, Plaintiff filed his Complaint in Los Angeles Superior Court on November 27, 2013. (*See* **Exhibits "A" & "B"**). On December 9, 2013, the Complaint and Summons were served on Defendants. (*Id.*). As such, this Notice of Removal is timely as a matter of law.

## VI. <u>CAFA JURISDICTION</u>

11. CAFA grants federal district courts original jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice. Specifically, this Court has jurisdiction over this case under CAFA because it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not states, state officials or other governmental entities; (3) there is diversity between at least one class member and one defendant; and (4) the amount in controversy for all class members exceeds $5 million.

### A. <u>The Proposed Class Contains More Than 100 Members.</u>

12. As set forth in his Complaint, Plaintiff pursues his alleged claims on behalf of himself and "on behalf of all others similarly situated," which he ostensibly

defines as follows: "All current and former California employees of Defendant Continental Airlines, Inc. who received any wages from Defendant Continental Airlines, Inc. at any time during the period of time from November 27, 2012, through the present"; "All current and former California employees of Defendant United Airlines, Inc. who received any wages from Defendant United Airlines, Inc. at any time during the period of time from November 27, 2012, through the present"; "All current and former non-exempt California employees of Defendant Continental Airlines, Inc. who received any wages from Defendant Continental Airlines, Inc. at any time during the period of time from November 27,2012, through the present (the "Continental Non-Exempt Sub-Class")"; and "All current and former non-exempt California employees of Defendant United Airlines, Inc. who received any wages from Defendant United Airlines, Inc. at any time during the period of time from November 27, 2012, through the present (the "United Non-Exempt Sub-Class")." (Compl. ¶¶ 17-18; **Exhibit "A"**).  Plaintiff necessarily includes both current and former employees across the entire State. (*Id.*).

13.     The proposed definition of allegedly "all others similarly situated," as alleged by Plaintiff and interpreted by Defendants (given than Plaintiff was a Continental employee), consists of approximately 2,881 individuals who were employed by Continental in California during the putative class period. (Declaration of Dorota Karpierz in Support of Defendants' Removal ("Karpierz Decl.") ¶ 17).

**B.     Defendants Are Not Governmental Entities.**

14.     Defendants are not states, state officials or any other governmental entities. (Karpierz Decl., ¶¶ 5 & 10).

**C.     CAFA Diversity Of Citizenship Exists.**

15.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b).  In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class

1  members.  *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).  Minimal diversity of

2  citizenship exists here because Plaintiff and Defendants are citizens of different states.

3  16.  For diversity purposes, a person is a "citizen" of the state in which he or

4  she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir.

5  1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship

6  determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley*

7  *Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991).  A person's domicile is the place he or

8  she resides with the intention to remain, or to which he or she intends to return.  *See*

9  *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10  17.  Allegations of residency in a state court complaint can create a rebuttable

11  presumption of domicile supporting diversity of citizenship.  *Lew v. Moss*, 797 F.2d

12  747, 751 (9th Cir. 1986).  Here, Plaintiff's Complaint is silent regarding his residency.

13  (Complaint; **Exhibit "A"**).  However, Plaintiff alleges that he "performed work for

14  Defendants' branch located in Los Angeles County."  (Compl., ¶6; **Exhibit "A"**).

15  Moreover, to Defendants' knowledge, as based on their personnel records, throughout

16  the time Plaintiff worked for Continental he was domiciled and resided in the State of

17  California. (Karpierz Decl., ¶ 13).  Accordingly, Plaintiff is a citizen of the State of

18  California. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)(a

19  person's domicile is the place he or she resides with the intention to remain).

20  18.  In addition, Plaintiff seeks to represent similarly situated employees who

21  currently or previously worked for Defendants within the State of California. (Compl.

22  ¶¶ 17-18; **Exhibit "A"**).

23  19.  For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen

24  of any state by which it has been incorporated and of the state where it has its

25  principal place of business. 28 U.S.C. § 1332(c)(1).  As clarified by the United States

26  Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. ___ , 130 S. Ct. 1181; 175 L. Ed.

27  2d 1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the

28  place where a corporation's high level officers direct, control and coordinate the

corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

20.     United was, at the time of the filing of this action, and remains a citizen of the States of Delaware and Illinois, in that it was and continues to be a corporation incorporated under the laws of the State of Delaware, with its principal place of business and corporate headquarters in Illinois (where United performs its executive and administrative functions). (Karpierz Decl., ¶¶ 3-6). United is not a citizen of California. (*Id.*). United's corporate headquarters is located in Chicago, Illinois. (Karpierz Decl., ¶ 6).

21.     Chicago, Illinois is also where United's "high level" officers direct, control, and coordinate the corporation's activities. (Karpierz Decl., ¶ 6).

22.     United's core executive and administrative functions are carried out in its headquarters in Illinois, including but not limited to all legal work and analysis, revenue management for the corporation, all dispatch and crew scheduling and planning, safety and security policy-making and decisions, corporate communications (internal and external), advertising and marketing, and computer operations. (Karpierz Decl., ¶ 6).

23.     Because United is incorporated in Delaware, and because its "high level" officers direct, control, and coordinate the corporation's activities from Chicago, Illinois, United is a citizen of both Delaware and Illinois, and is clearly not a citizen of California.

24.     On or about April 1, 2013, Continental merged with United, and the surviving entity is now named United Airlines, Inc. (Karpierz Decl., ¶ 7).

25.     Prior to the merger, Continental was organized under the laws of the state of Delaware. (Karpierz Decl., ¶8). Continental's principal place of business was in Texas until approximately December 2012. (Karpierz Decl., ¶9). Thereafter, and following the merger with United, Continental's principal place of business was in Illinois. (*Id.*). Continental's top executives and decision makers were located in

Texas until approximately December 2012. (Karpierz Decl., ¶11). Thereafter, and following the merger with United, Continental's top executives and decision makers were located in Illinois. (*Id.*). Accordingly, for purposes of diversity of citizenship, Continental was a citizen of Illinois (and not a citizen of California) at the time this action was commenced.

26.     Defendants Does 1 through 100 are fictitious. (Compl., ¶ 12).   The Complaint does not set forth the identity or status of any of said fictitious defendants. Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

27.     Accordingly, because Plaintiff is a citizen of California, Defendants are incorporated in and have their principal place of business outside of California, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is fully satisfied.

**D.     The Amount In Controversy Exceeds $5,000,000.**

28.     "Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).   Where a complaint "fails to plead a specific amount of damages, the defendant seeking removal 'must prove by a preponderance of the evidence that the amount in controversy requirement has been met.'" *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007), *quoting*, *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).   Here, Plaintiff's Complaint is silent as to the amount in controversy.   Thus, the preponderance of the evidence standard applies.   *See* Lowdermilk, supra; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

29.     Defendants can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the Notice of Removal that demonstrate that the amount in controversy "more likely than not" exceeds the jurisdictional minimum.

1   *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The District

2   Court may consider whether it is facially apparent from the Complaint that the

3   jurisdictional amount is in controversy. *Singer v. State Farm Mutual Auto. Ins. Co.*,

4   116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*,

5   994 F. Supp. 1196, 1198 (N.D. Cal. 1998). In addition to the contents of the removal

6   petition, the Court considers "summary-judgment-type evidence relevant to the

7   amount in controversy at the time of removal," such as affidavits or declarations.

8   *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer*, 116 F.3d at

9   377. Defendant is not obliged to "research, state, and prove the plaintiff's claims for

10   damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994).

11       30.    Although Defendants expressly deny any liability for the damages

12   alleged in Plaintiff's Complaint, for purposes of determining whether the minimum

13   amount in controversy has been satisfied, the Court must look to the allegations of

14   Plaintiff's Complaint and presume that Plaintiff will prevail on his claims. *Kenneth*

15   *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal.

16   2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (stating

17   that the amount in controversy analysis presumes that "plaintiff prevails on liability").

18   Put differently, "[t]he amount in controversy is simply an estimate of the total amount

19   in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon*

20   *Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Rippee v. Boston Mkt.*

21   *Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

22       31.    The CAFA authorizes the removal of class actions in which, among other

23   factors mentioned above, the amount in controversy for all class members exceeds

24   five million dollars ($5,000,000). *See* 28 U.S.C. § 1332(d). Here, the Complaint

25   places more than five million dollars in controversy. While Defendants deny

26   Plaintiff's claims of wrongdoing and deny his request for relief thereon, the facial

27   allegations in Plaintiff's Complaint and the total amount of penalties and attorneys'

28   fees at issue in this action is in excess of this Court's jurisdictional minimum, *Luckett*

*v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied).

32.    Plaintiff asserts a claim for himself and the putative class for alleged statutory penalties and attorneys' fees, based on allegations that Defendants have violated (and/or that Plaintiff and the putative class are entitled to penalties under) California Labor Code section 226. (Compl., *passim*; **Exhibit "A"**).

33.    Plaintiff asserts the relevant time period covering the claim at issue in this case is from November 27, 2012 , through the present.  (Compl., ¶¶ 17-18; **Exhibit "A"**).

34.    Plaintiff's claims are based on the allegation that Plaintiff and the putative class members were not provided with accurate wage statements.  Plaintiff specifically alleges that the class members' claims against Defendants involve questions of common facts and law, in that each was employed by Defendants and each did not receive accurate wage statements.  (Compl., ¶¶ 3, 7, 23, and 30-32; **Exhibit "A"**).  Defendants deny Plaintiff's claims.

35.    California Labor Code section 226(a) requires that employers provide employees with "an accurate itemized statement in writing" listing specified information at the time wages are paid.  Cal. Labor Code § 226(a).  California Labor Code section 226(e) provides for penalties in the amount of "fifty dollars for the initial pay period in which a violation [of subdivision (a)] occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)."  From November 27, 2012[1] to January 3, 2014, Continental paid Plaintiff and its California employees either on a bi-

---

[1] Plaintiff's wage statement claim is governed by a one-year statute of limitations. CAL. CIV. PROC. CODE. § 340 (one-year statute of limitations govern claims for penalties); *see also Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1118, fn 16 (2007) (claim for itemized wage statement violations are governed by a one-year statute of limitations).

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067 3107
310 553 0308

weekly basis (once every two weeks) or on a semi-monthly basis (twice a month). (Karpierz Decl. ¶16).   During this time, Continental employed 2,881 California employees. (Karpierz Decl. ¶17).   Of these, 1,554 were **_continuously_** employed by Continental in California between November 27, 2012 and January 3, 2014.  (Karpierz Decl. ¶18).   Taking the conservative approach by assuming that all of Continental's California employees were paid on a semi-monthly basis, 1,554 received at least 26 or more paychecks on the paydays between November 27, 2012 and January 3, 2014. (Karpierz Decl. ¶18). Thus, if Plaintiff were to establish that he and the putative class members were not provided with accurate itemized wage statements for which they are entitled to penalties, the potential amount in controversy for this claim is over **$3,962,700.**  (1,554 employees x $50 per violation for 1st violation and 1,554 employees x $100 per violation for 25 violations = $3,962,700).

36.   Of the 2,881 Continental California employees, 205 individuals each received, on average, 19 paychecks between November 27, 2012 and January 3, 2014. (Karpierz Decl. ¶¶ 17 & 19).   Thus, if Plaintiff were to establish that he and the putative class members were not provided with accurate itemized wage statements for which they are entitled to penalties, the potential amount in controversy for this claim is over **$379,250.**  (205 employees x $50 per violation for 1st violation and 205 employees x $100 per violation for 18 violations = $379,250).

37.   Of the 2,881 Continental California employees, 92 individuals each received, on average, 10 paychecks between November 27, 2012 and January 3, 2014. (Karpierz Decl. ¶¶ 17 & 20). Thus, if Plaintiff were to establish that he and the putative class members were not provided with accurate itemized wage statements for which they are entitled to penalties, the potential amount in controversy for this claim is over **$87,400.**  (92 employees x $50 per violation for 1st violation and 92 employees x $100 per violation for 9 violations = $87,400).

38.   Of the 2,881 Continental California employees, 1,030 individuals each received, on average, 14 paychecks between November 27, 2012 and January 3, 2014.

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

1  (Karpierz Decl. ¶¶ 17 & 21).  Thus, if Plaintiff were to establish that he and the

2  putative class members were not provided with accurate itemized wage statements for

3  which they are entitled to penalties, the potential amount in controversy for this claim

4  is over **$1,390,500.**  (1,030 employees x $50 per violation for 1st violation and 1,030

5  employees x $100 per violation for 13 violations = $1,390,500).

6  39.   Thus, based on the foregoing, which takes the conservative approach of

7  assuming that the entire putative class was paid on a semi-monthly basis (twice a

8  month; 24 paychecks per year), rather than on a bi-monthly basis (once every two

9  weeks; 26 paychecks per year), a very conservative estimate of the amount in

10  controversy is **$5,819,850** ($3,962,700 + $379,250 + $87,400 + $1,390,500), in

11  addition to other the attorneys' fees that are sought by Plaintiff.[2]

12  40.   In addition, Plaintiff seeks attorneys' fees and costs in his Complaint

13  pursuant to Labor Code section 226.  It is well settled that, in determining whether a

14  complaint meets the amount in controversy requirement, the Court should consider the

15  aggregate value of claims for damages *as well as* attorneys' fees.  *See, e.g., Galt G/S v.*

16  *JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be

17  taken into account to determine jurisdictional amounts).  In California, where wage

18  and hour class actions have settled prior to trial for millions of dollars, it is not

19  uncommon for an attorneys' fees award to be 25 to 33 percent of the settlement of the

20  award.  *See, e.g., Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008),

21  *quoting Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex.

22  2000)("Empirical studies show that, regardless whether the percentage method or the

23  lodestar method is used, fee awards in class actions average around one-third of the

24  recovery.")

25

26

_____

27  [2] This figure does not take into account the approximate 12,270 individuals that were
employed by United in California as of December 27, 2013.  (Karpierz Decl. ¶22).

28

TTLER MENDELSON, P.C
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

11.

41.     Accordingly, although Defendants deny Plaintiff's claims of wrongdoing, based on the foregoing, under the Class Action Fairness Act, Plaintiff's claims for damages, penalties, attorneys' fees, and other monetary relief exceed the $5 million jurisdictional limit of this Court, as required by 28 U.S.C ¶ 1332(d).

42.     Accordingly, because jurisdiction exists under the CAFA, Removal of this matter is appropriate.

Dated:   January 8, 2014

Respectfully submitted,

LITTLER MENDELSON, P.C.


_____
CRAIG G. STAUB
CARLOS JIMENEZ
Attorneys for Defendants
CONTINENTAL AIRLINES, INC., and
UNITED AIRLINES, INC.

Firmwide:124764367.6 052664.1109

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

# Exhibit "A"



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CONTINENTAL AIRLINES, INC., a Delaware
Corporation; UNITED AIRLINES, INC, a Delaware
Corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BENJAMIN CASTRO, as an individual and on behalf of all others
similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

**NOV 27 2013**

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Central | CASE NUMBER: *(Número del Caso):* BC529105 |
|---|---|

111 N Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee, Diversity Law Group, 550 S Hope St., Suite 2655, Los Angeles, CA 90071, 213-488-6555

| DATE: November 27, 2013 | **John A. Clarke** | Clerk, by | Judi Lara | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

NOV 27 2013

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* a Delaware Corporation

Continental Airlines, Inc,

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

NOV 27 2013

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CONTINENTAL AIRLINES, INC., a Delaware
Corporation; UNITED AIRLINES, INC, a Delaware
Corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BENJAMIN CASTRO, as an individual and on behalf of all others
similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central

111 N Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* **BC529105**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee, Diversity Law Group, 550 S Hope St., Suite 2655, Los Angeles, CA 90071, 213-488-6555

DATE: November 27, 2013    **John A. Clarke**    Clerk, by    **Judi Lara**   , Deputy
*(Fecha)*                          *(Secretario)*                   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

NOV 27 2013

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* United Airlines, Inc, a Delaware Corporation

     under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
              ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
              ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

1  | Larry W. Lee (State Bar No. 228175)
2  | Daniel H. Chang (State Bar No. 183803)
   | DIVERSITY LAW GROUP, P.C.
3  | A Professional Corporation
   | 550 S. Hope St., Suite 2655
4  | Los Angeles, California 90071
   | (213) 488-6555
5  | (213) 488-6554 facsimile
6  | lwlee@diversitylaw.com

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

NOV 27 2013

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

7  | Edward W. Choi, Esq. SBN 211334
   | LAW OFFICES OF CHOI & ASSOCIATES
8  | 3435 Wilshire Boulevard, Suite 2400
   | Los Angeles, CA 90010-2006
9  | Telephone: (213) 381-1515
   | Facsimile: (213) 233-4409
10 | Email: edward.choi@calaw.biz

Thomas M. Lee, State Bar No. 210599
LEE LAW OFFICES, APLC
3435 Wilshire Blvd Suite 2400
Los Angeles, California 90010
Telephone: (213) 251-5533
Facsimile: (213) 251-5534
Email: leethomas.esq@gmail.com

11

12 | Attorneys for Plaintiff and the Class

13 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14 | **FOR THE COUNTY OF LOS ANGELES**

15 | BENJAMIN CASTRO, as an individual and
   | on behalf of all others similarly situated,      ) Case No.   **BC529105**
16 |                                                   )
   |                    Plaintiffs,                    ) **CLASS ACTION COMPLAINT FOR**
17 |                                                   ) **DAMAGES:**
   |          vs.                                      )
18 |                                                   ) **(1) VIOLATION OF CAL. LABOR CODE §**
19 |                                                   )     **226**
   | CONTINENTAL AIRLINES, INC., a                     )
20 | Delaware Corporation; UNITED AIRLINES,            ) **DEMAND FOR JURY TRIAL**
   | INC, a Delaware Corporation; and DOES 1           )
21 | through 100, inclusive,                           )
   |                                                   )
22 |                    Defendants.                    )
23 |                                                   )
   |                                                   )
24 |                                                   )
   |                                                   )
25 |                                                   )
   |                                                   )
26 |                                                   )
   |                                                   )
27 |                                                   )
   |                                                   )
28 |                                                   )
   |                                                   )

1

CLASS ACTION COMPLAINT

1    Plaintiff Benjamin Castro ("Plaintiff"), hereby submits this Class Action Complaint
2    ("Complaint") against Defendants Continental Airlines, Inc., United Airlines, Inc., and DOES 1-
3    100 (hereinafter collectively referred to as "Defendants"), on behalf of himself and the Class of
4    all other similarly situated current and former employees of Defendants for penalties and/or
5    damages for violations of the California Labor Code, including without limitation, failure to
6    provide employees with accurate itemized wage statements as follows:

INTRODUCTION

7
8        1.      This class action is within the Court's jurisdiction under California Labor Code §
9    226.

10       2.      This Complaint challenges systemic illegal employment practices resulting in
11   violations of the California Labor Code against employees of Defendants.

12       3.      Plaintiff is informed and believes, and based thereon alleges, that Defendants
13   jointly and severally have acted intentionally and with deliberate indifference and conscious
14   disregard to the rights of all employees by failing to provide accurate itemized wage statements
15   identifying all required information, including without limitation, the "total hours worked" for all
16   non-exempt employees, "the inclusive dates of the period for which the employee is paid,"
17   specifically the pay period start/begin date, for all employees, and the last four digits of the
18   employee's social security number or an employee identification number for all employees.

19       4.      Plaintiff is informed and believes, and based thereon alleges, that Defendants
20   have engaged in, among other things a system of willful violations of the California Labor Code
21   by creating and maintaining policies, practices and customs that knowingly deny employees the
22   above stated rights and benefits.

JURISDICTION AND VENUE

23
24       5.      The Court has jurisdiction over the violations of the California Labor Code § 226.
25       6.      Venue is proper in Los Angeles County because Defendants have branch
26   locations in Los Angeles County and Plaintiff performed work for Defendants' branch located in
27   Los Angeles County.

28

2

CLASS ACTION COMPLAINT

<u>PARTIES</u>

7.      Plaintiff was previously employed by Defendants until on or about July 3, 2013, when his employment was terminated.  During his employment, Plaintiff was routinely provided with itemized wage statements along with the payment of wages.  However, each and every itemized wage statement Defendants provided to Plaintiff failed to identify the "total hours worked", "the inclusive dates of the period for which the employee is paid," specifically the pay period start/begin date, and the last four digits of the employee's social security number or an employee identification number for all employees.

8.      Defendants are airline carriers, operating in California and nationwide.

9.      Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed by California Labor Code § 226.

10.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants and DOES 1 through 100 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11.     As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code § 226.

12.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

CLASS ACTION COMPLAINT

1   Defendants, and each of them, were the agents, servants and employees of each of the other

2   Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were

3   acting within the course and scope of said agency and employment.

4       14.     Plaintiff is informed and believes, and based thereon alleges, that at all times

5   material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or

6   joint venturer of, or working in concert with each of the other co- Defendants and was acting

7   within the course and scope of such agency, employment, joint venture, or concerted activity.

8   To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of

9   the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

10  Defendants.

11      15.     At all times herein mentioned, Defendants, and each of them, were members of,

12  and engaged in, a joint venture, partnership and common enterprise, and acting within the course

13  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

14      16.     At all times herein mentioned, the acts and omissions of various Defendants, and

15  each of them, concurred and contributed to the various acts and omissions of each and all of the

16  other Defendants in proximately causing the injuries and damages as herein alleged.  At all times

17  herein mentioned, Defendants, and each of them, ratified each and every act or omission

18  complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided

19  and abetted the acts and omissions of each and all of the other Defendants in proximately causing

20  the damages as herein alleged.

21                        CLASS ACTION ALLEGATIONS

22      17.   **Definition:**  The named individual Plaintiff seeks class certification, pursuant to

23  California Code of Civil Procedure § 382, of the following classes:

24          a.        All current and former California employees of Defendant Continental

25                    Airlines, Inc. who received any wages from Defendant Continental

26                    Airlines, Inc. at any time during the period of time from November 27,

27                    2012, through the present; and

28          b.        All current and former California employees of Defendant United

4

CLASS ACTION COMPLAINT

1    Airlines, Inc. who received any wages from Defendant United Airlines,

2    Inc. at any time during the period of time from November 27, 2012,

3    through the present.

4    18.    Plaintiff further seeks to certify the following subclasses:

5        a.    All current and former non-exempt California employees of Defendant

6            Continental Airlines, Inc. who received any wages from Defendant

7            Continental Airlines, Inc. at any time during the period of time from

8            November 27, 2012, through the present (the "Continental Non-Exempt

9            Sub-Class"); and

10       b.    All current and former non-exempt California employees of Defendant

11           United Airlines, Inc. who received any wages from Defendant United

12           Airlines, Inc. at any time during the period of time from November 27,

13           2012, through the present (the "United Non-Exempt Sub-Class").

14   19.    **Numerosity and Ascertainability:**  The members of the Class are so numerous

15   that joinder of all members would be impractical, if not impossible.  The identity of the members

16   of the Class is readily ascertainable by review of Defendants' records, including payroll records.

17   Plaintiff is informed and believes, and based thereon allege, that Defendant failed to provide

18   required itemized wage statements to employees in violation of Labor Code § 226

19   20.    **Adequacy of Representation:**  The named Plaintiff is fully prepared to take all

20   necessary steps to represent fairly and adequately the interests of the class defined above.

21   Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the

22   named Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in

23   the past and currently have a number of wage-and-hour class actions pending in California

24   courts.

25   21.    Defendant uniformly administered a corporate policy, practice of failing to

26   provide required itemized wage statements to employees in violation of Labor Code § 226.

27   22.    **Common Question of Law and Fact:**  There are predominant common questions

28   of law and fact and a community of interest amongst Plaintiff and the claims of the Class

5

1   concerning Defendants' failure to provide required itemized wage statements to employees in

2   violation of Labor Code § 226.

3        23.   **Typicality:** The claims of the named Plaintiff are typical of the claims of all

4   members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar

5   and typical manner as the Class members.  Plaintiff was not provided proper and accurate payroll

6   records identifying the "total hours worked", "the inclusive dates of the period for which the

7   employee is paid," specifically the pay period start/begin date, and the last four digits of the

8   employee's social security number or an employee identification number.  Defendants violated

9   Labor Code Section 226(a) by, among other actions, failing to list the "total hours worked", "the

10   inclusive dates of the period for which the employee is paid," specifically the pay period

11   start/begin date, and the last four digits of the employee's social security number or an employee

12   identification number for all employees.  Therefore, Defendants violated Labor Code § 226 by

13   not providing the requisite itemized wage statements to named Plaintiff.  Thus, Plaintiff is

14   member of the Class and has suffered the alleged violations of California Labor Code § 226(a).

15        24.   The California Labor Code and upon which Plaintiff bases his claims is broadly

16   remedial in nature.  These laws and labor standards serve an important public interest in

17   establishing minimum working conditions and standards in California.  These laws and labor

18   standards protect the average working employee from exploitation by employers who may seek

19   to take advantage of superior economic and bargaining power in setting onerous terms and

20   conditions of employment.

21        25.   The nature of this action and the format of laws available to Plaintiff and

22   members of the Class identified herein make the class action format a particularly efficient and

23   appropriate procedure to redress the wrongs alleged herein.  If each employee were required to

24   file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable

25   advantage since it would be able to exploit and overwhelm the limited resources of the individual

26   Plaintiff with Defendants' vastly superior financial and legal resources.  Requiring each Class

27   member to pursue an individual remedy would also discourage the assertion of lawful claims by

28   employees who would be disinclined to file an action against their former and/or current

CLASS ACTION COMPLAINT

1    employer for real and justifiable fear of retaliation and permanent damage to their careers at

2    subsequent employment.

3         26.    The prosecution of separate actions by the individual class members, even if

4    possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect

5    to individual Class members against Defendants and which would establish potentially

6    incompatible standards of conduct for Defendants, and/or (b) adjudications with respect to

7    individual Class members which would, as a practical matter, be dispositive of the interest of the

8    other Class members not parties to the adjudications or which would substantially impair or

9    impede the ability of the Class members to protect their interests.  Further, the claims of the

10   individual members of the Class are not sufficiently large to warrant vigorous individual

11   prosecution considering all of the concomitant costs and expenses.

12        27.    Such a pattern, practice and uniform administration of corporate policy regarding

13   illegal employee compensation described herein is unlawful and creates an entitlement to

14   recovery by Plaintiff and the Class identified herein, in a civil action any and all applicable

15   penalties and/or damages, reasonable attorneys' fees, and costs of suit according to the mandate

16   of California Labor Code § 226.

17        28.    Proof of a common business practice or factual pattern, which the named Plaintiff

18   experienced and is representative of, will establish the right of each of the members of the Class

19   to recovery on the causes of action alleged herein.

20        29.    The Class is commonly entitled to a specific fund with respect to the

21   compensation illegally and unfairly retained by Defendants.  The Class is commonly entitled to

22   restitution of those funds being improperly withheld by Defendants.  This action is brought for

23   the benefit of the entire class and will result in the creation of a common fund.

24                              **FIRST CAUSE OF ACTION**

25                        **VIOLATION OF LABOR CODE § 226**

26        **(AGAINST DEFENDANTS AND DOES 1-50 BY PLAINTIFF AND THE CLASS)**

27        30.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as

28   though fully set for herein.

CLASS ACTION COMPLAINT

31.     Defendants failed in its affirmative obligation to provide <u>accurate</u> itemized wage statements.  Defendants, as a matter of policy and practice, did not provide accurate records in violation of Labor Code § 226(a) by failing as a matter of policy and practice to provide accurate payroll records for Plaintiff and the Class.  Specifically, the wage statements provided to Plaintiff and the Class failed to identify such information, including the "total hours worked", "the inclusive dates of the period for which the employee is paid," specifically the pay period start/begin date, and the last four digits of the employee's social security number or an employee identification number.

32.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.     For an order certifying the proposed Class;

2.     For an order appointing Plaintiff as the representative of the Class as described herein;

3.     For an order appointing counsel for Plaintiff as Class counsel;

4.     Upon the First Cause of Action , for damages and/or penalties pursuant to California Labor Code § 226, and for costs and attorneys' fees;

5.     On all causes of action, for attorneys' fees and costs as provided by California Labor Code § 226; and

6.     For such other and further relief as the Court may deem just and proper.

8

1  DATED: November 27, 2013                DIVERSITY LAW GROUP, APC

2

3

4                                          By:_____

5                                                Larry W. Lee
                                           Attorney for PLAINTIFFS and the CLASS
6

7

8                          **DEMAND FOR JURY TRIAL**

9        Plaintiff, for himself and the Class, hereby demands a jury trial as provided by

10  California law.

11

12  DATED: November 27, 2013                DIVERSITY LAW GROUP, APC

13

14

15                                         By:_____

16                                               Larry W. Lee
                                           Attorney for PLAINTIFFS and the CLASS
17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

**CM-010**

COPY

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Larry W. Lee (State Bar No. 228175)
Diversity Law Group
550 South Hope Street, Suite 2655
Los Angeles, CA 90071
TELEPHONE NO.: (213) 488-6555   FAX NO.: (213) 488-6554
ATTORNEY FOR *(Name):* Plaintiff Benjamin Castro

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County of Los Angeles

NOV 27 2013

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

CASE NAME:
Benjamin Castro v. Continental Airlines, Inc., et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC529105<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2.** This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☑ Substantial amount of documentary evidence
d. ☑ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
**4.** Number of causes of action *(specify):* 1
**5.** This case ☑ is ☐ is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 27, 2013
Larry W. Lee
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



| SHORT TITLE: Benjamin Castro v. Continental Airlines, Inc., et. al. | CASE NUMBER: BC 529105 |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 7  ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Benjamin Castro v. Continental Airlines, Inc., et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial<br>(31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential<br>(32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Benjamin Castro v. Continental Airlines, Inc., et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Benjamin Castro v. Continental Airlines, Inc., et. al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>550 South Hope Street<br>Suite 2655<br>Los Angeles, CA 90071 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90071 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___November 27, 2013___

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit "B"

 CT Corporation

**Service of Process Transmittal**
12/09/2013
CT Log Number 524026754

TO: Allyson Hawkins
United Airlines, Inc.
1600 Smith - HQS LG, 15th Floor
Houston, TX 77002

RE: **Process Served in California**

FOR: United Airlines, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Benjamin Castro, etc., Pltf. vs. Continental Airlines, Inc., etc., et al. including United Airlines, Inc, Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Stipulation(s), Attachment, Cover Sheet, Addendum and Statement, Complaint |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA Case # BC529105 |
| **NATURE OF ACTION:** | Violation of Fair Debt Collection Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/09/2013 at 15:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Larry W. Lee Diversity Law Group, P.C. 550 South Hope Street Suite 2655 Los Angeles, CA 90071 213-488-6555 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/10/2013, Expected Purge Date: 12/15/2013 Image SOP Email Notification, Allyson Hawkins allyson.hawkins@united.com Email Notification, Lauren Doerries lauren.doerries@united.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
12/09/2013
CT Log Number 524026699

TO:     Allyson Hawkins
        United Airlines, Inc.
        1600 Smith - HQS LG, 15th Floor
        Houston, TX 77002

RE:     **Process Served in California**

FOR:    CONTINENTAL AIRLINES, INC. (Former Name) (Domestic State: DE)
        United Airlines, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Benjamin Castro, etc., Pltf. vs. Continental Airlines, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Stipulation(s), Attachment, Cover Sheet, Addendum and Statement, Complaint |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA<br>Case # BC529105 |
| **NATURE OF ACTION:** | Violation of Fair Debt Collection Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/09/2013 at 15:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Larry W. Lee<br>Diversity Law Group, P.C.<br>550 South Hope Street<br>Suite 2655<br>Los Angeles, CA 90071<br>213-488-6555 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/10/2013, Expected Purge Date: 12/15/2013<br>Image SOP<br>Email Notification, Allyson Hawkins allyson.hawkins@united.com<br>Email Notification, Lauren Doerries lauren.doerries@united.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

BC529105

| | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|
| ✓ | Judge Elihu M. Berle | 323 | 1707 |
| | Judge Lee Smalley Edmon | 322 | 1702 |
| | Judge John Shepard Wiley, Jr. | 311 | 1408 |
| | Judge Kenneth Freeman | 310 | 1412 |
| | Judge Jane Johnson | 308 | 1415 |
| | Judge William F. Highberger | 307 | 1402 |
| | OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____NOV 2 7 2013_____   SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06
For Optical Use

By _____, Deputy Clerk

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

    The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

    *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

➤ _____
_____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

➤ _____
_____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

➤ _____
_____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

➤ _____
_____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

➤ _____
_____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

➤ _____
_____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

➤ _____
_____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢   (ATTORNEY FOR_____)
(TYPE OR PRINT NAME)

Date:

_____   ➢   (ATTORNEY FOR_____)
(TYPE OR PRINT NAME)

Date:

_____   ➢   (ATTORNEY FOR_____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, **including** the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

1  Larry W. Lee (State Bar No. 228175)
2  Daniel H. Chang (State Bar No. 183803)
   DIVERSITY LAW GROUP, P.C.
3  A Professional Corporation
   550 S. Hope St., Suite 2655
4  Los Angeles, California 90071
   (213) 488-6555
5  (213) 488-6554 facsimile
6  lwlee@diversitylaw.com

7  Edward W. Choi, Esq. SBN 211334          Thomas M. Lee, State Bar No. 210599
   LAW OFFICES OF CHOI & ASSOCIATES         LEE LAW OFFICES, APLC
8  3435 Wilshire Boulevard, Suite 2400      3435 Wilshire Blvd Suite 2400
   Los Angeles, CA 90010-2006               Los Angeles, California 90010
9  Telephone: (213) 381-1515                Telephone: (213) 251-5533
10 Facsimile: (213) 233-4409                Facsimile: (213) 251-5534
   Email: edward.choi@calaw.biz             Email: leethomas.esq@gmail.com
11

12 Attorneys for Plaintiff and the Class

13             SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                 FOR THE COUNTY OF LOS ANGELES

15 BENJAMIN CASTRO, as an individual and   ) Case No. BC529105
   on behalf of all others similarly situated, )
16                                           )
17            Plaintiffs,                     ) NOTICE OF INITIAL STATUS
                                             ) CONFERENCE ORDER
18      vs.                                   )
                                             ) Date:     March 13, 2014
19                                           ) Time:     1:45 p.m.
   CONTINENTAL AIRLINES, INC., a            ) Dept.:     323
20 Delaware Corporation; UNITED AIRLINES,   )
   INC, a Delaware Corporation; and DOES 1  )
21 through 100, inclusive,                   )
22                                           )
              Defendants.                    )
23                                           )
                                             )
24                                           )
                                             )
25

26

27

28

                                    1

1        PLEASE TAKE NOTICE THAT the Court determines that the above-referenced case is

2   COMPLEX within the meaning of California Rules of Court 3.400. The Court has set an Initial

3   Status Conference for March 13, 2014 at 1:45 p.m., in Department 323.  Attached hereto as

4   Exhibit "A" is a true and correct copy of the Minute Order and Initial Status Conference Order.

5

6   DATED: January 6, 2014                    DIVERSITY LAW GROUP, APC

7

8

9                                      By:  _____

10

11                                            Larry W. Lee
                                       Attorney for PLAINTIFFS and the CLASS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF INITIAL STATUS CONFERENCE ORDER

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 12/31/13

HONORABLE ELIHU M. BERLE                    JUDGE

HONORABLE #2

L. M'GREENE, C.A.    Deputy Sheriff

DEPT. 323

S. McKINNEY            DEPUTY CLERK

JUDGE PRO TEM         ELECTRONIC RECORDING MONITOR

NONE                  Reporter

11:00 am BC529105

BENJAMIN CASTRO
VS
CONTINENTAL AIRLINES INC ET AL

Plaintiff
Counsel

Defendant     NO APPEARANCES
Counsel

NATURE OF PROCEEDINGS:

COURT ORDER REGARDING NEWLY ASSIGNED COMPLEX CASE;

This case has been randomly assigned to this
department for all purposes.

The Court determines this case to be Complex within
the meaning of Rule 3.400 of the California Rules of
Court.

The Court issues an Initial Status Conference Order.

Initial Status Conference is set for March 13, 2014,
at 1:45 p.m. in Department 323. Counsel are ordered
to file a Joint Initial Status Conference report
five (5) court days before the Initial Status
Conference.  The Joint Report must be filed on
line-numbered pleading paper and must specifically
answer each of the questions set forth in the
Initial Status Conference Order. Do not use the
Judicial Council Form CM-110 (Case Management
Statement).

At least 10 days prior to the Initial Status
Conference, counsel for all parties must meet and
discuss the issues set forth in the Initial Status
Conference Order issued this date. Compliance with
the Initial Status Conference Order is essential for
assisting the Court and the parties in managing this
complex case by developing an orderly schedule for

Page   1 of  4   DEPT. 323

MINUTES ENTERED
12/31/13
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 12/31/13 | DEPT. 323 |
| HONORABLE ELIHU M. BERLE    JUDGE | S. McKINNEY    DEPUTY CLERK |
| HONORABLE #2    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| L. M'GREENE, C.A.    Deputy Sheriff | NONE    Reporter |

| | |
|---|---|
| 11:00 am | BC529105 |
| | BENJAMIN CASTRO |
| | VS |
| | CONTINENTAL AIRLINES INC ET AL |

Plaintiff Counsel

Defendant Counsel    NO APPEARANCES

**NATURE OF PROCEEDINGS:**

briefing, discovery, and court hearings. The parties are encouraged to informally exchange documents and information that may be useful for case evaluation.

The Court stays all proceeding in the case, except for service of the Summons and Complaint and filing Notices of Appearance. The stay will continue at least until the Initial Status Conference.

Responsive pleadings shall not be filed until further Order of the Court. However, parties must file a Notice of Appearance forthwith. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint.

Nothing in this order stays the time for filing an Affidavit of Prejudice under Code of Civil Procedure Section 170.6.

Pursuant to Government Code Section 70616 subdivisions (a) and (b), each party is required to pay fees of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the Court's Initial Status Conference Order on all parties forthwith, and file a Proof of Service in this department within seven days of service.

Page    2 of   4    DEPT. 323

MINUTES ENTERED
12/31/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 12/31/13 | | DEPT. 323 |
| HONORABLE ELIHU M. BERLE   JUDGE | S. McKINNEY | DEPUTY CLERK |
| HONORABLE #2 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| L. M'GREENE, C.A.   Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 11:00 am | BC529105 | Plaintiff Counsel | |
| | BENJAMIN CASTRO VS CONTINENTAL AIRLINES INC ET AL | Defendant Counsel | NO APPEARANCES |

NATURE OF PROCEEDINGS:

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://courtnet/internet/civil/UI/ToolsForLitigators2.aspx

### CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date date I served a copy of this minute order and the Court's Initial Status Conference Order (Complex Litigation Program upon each party or counsel named be the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: December 31, 2013

Sherri R. Carter, Executive Officer/Clerk

Page   3 of   4    DEPT. 323

MINUTES ENTERED
12/31/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 12/31/13

DEPT. 323

HONORABLE ELIHU M. BERLE   JUDGE   S. McKINNEY   DEPUTY CLERK

HONORABLE
#2   JUDGE PRO TEM   ELECTRONIC RECORDING MONITOR

L. M'GREENE, C.A.   Deputy Sheriff   NONE   Reporter

11:00 am   BC529105

BENJAMIN CASTRO   Plaintiff Counsel
VS
CONTINENTAL AIRLINES INC ET AL   Defendant Counsel   NO APPEARANCES

NATURE OF PROCEEDINGS:

By: _____
              S. McKinney, deputy

Larry W. Lee, Esq.
DIVERSITY LAW GROUP, P.C.
550 S. Hope Street,
Suite 2655
Los Angeles, CA  90071

Page   4 of   4   DEPT. 323

MINUTES ENTERED
12/31/13
COUNTY CLERK

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

DEC 3 1 2013

Sheri R. Carter, Executive Officer/Clerk
By: Sharon McKinney, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| BENJAMIN CASTRO, as an individual and on behalf of all others similarly situated | Case No.: BC529105 |
|  | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| Plaintiff(s), | |
| vs. | Case Assigned for All purposes to Judge Elihu M. Berle |
| CONTENTAL AIRLINES, INC., a Delaware Corporation; UNITED AIRLINES, INC., Delaware Corporation; and DOES 1 through 100, inclusive, | Department 323 Date: March 13, 2014 Time: 1:45 p.m. |
| Defendant(s). | |

This case has been assigned for all purposes to Judge Elihu M. Berle in the Complex Litigation Program.  An Initial Status Conference is set for  March 13, 2014, in Department 323 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to attend.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case.  Counsel for plaintiff is

-1-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

     **1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

     **2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

     **3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

     **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

     **5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

     **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

     **7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

    a)  Motion to Compel Arbitration,

    b)  Demurrers, and/or motions for judgment on pleadings,

    c)  Motions to strike,

    d)  Motions for summary judgment and summary adjudication,

    e)  Early motions in limine,

    f)  Early motions about particular jury instructions and verdict forms.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1]. Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**10. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which depending on circumstances, sometimes may include some factual issues also touching the merits.

**11. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**12. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

---

[1] See Code Civ. Proc. § 437c, subd. (s)

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

**13. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**14. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third party cloud service, such as:

- Case Anywhere (www.caseanywhere.com),
- CaseHomePage (www.casehomepage.com), or
- Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

Please select one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If the parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, *these proceedings are stayed, except for service of summons and complaint and filing of Notice of Appearance*. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. Any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case. Although the stay

-4-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

1  applies to discovery, this stay shall not preclude the parties from informally exchanging

2  documents that may assist in their initial evaluation of the issues presented in this case.

3       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order

4  on counsel for all parties, or if counsel has not been identified, on all parties, within five

5  (5) days of service of this order.  If any defendant has not been served in this action,

6  service is to be completed within twenty (20) days of the date of this order.

7

8  Dated:    DEC 3 1 2013        <u>ELIHU M. BERLE</u>

9                      HON. ELIHU M. BERLE

                     JUDGE OF THE SUPERIOR COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

**PROOF OF SERVICE**

(Code of Civil Procedure Sections 1013a, 2015.5)

STATE OF CALIFORNIA         ]
                                 ]ss.

COUNTY OF LOS ANGELES     ]

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 550 S. Hope St., Suite 2655, Los Angeles, California 90071.

       On January 6, 2014, I served the following document(s) described as: **NOTICE OF INITIAL STATUS CONFERENCE ORDER** on the interested parties in this action as follows:

| Continental Airlines, Inc. | United Airlines, Inc. |
|:---:|:---:|
| CT Corporation | CT Corporation |
| 818 W. 7th Street, 2nd Floor | 818 W. 7th Street, 2nd Floor |
| Los Angeles, California 90017 | Los Angeles, California 90017 |
| *(Agent for Service of Process)* | *(Agent for Service of Process)* |

    __X__    BY MESSENGER SERVICE: I served the documents by placing a true and correct copy in an envelope or package addressed to the person(s) listed above and providing them to a professional messenger service for service.  A Declaration of Messenger is attached below.

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 6, 2014, at Los Angeles, California.

                                           _____

                                          Olympia Peña

## DECLARATION OF MESSENGER

I personally delivered the envelope or package received from the declarant above to the persons at the address listed above.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of 9:00 a.m. and 5:00 p.m.; (2) for a party, delivery was made to the party by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of 8:00 a.m. and 6:00 p.m.

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 811 Wilshire Boulevard, Suite 900, Los Angeles, CA 90017.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 6, 2014, at Los Angeles, California.

[Print Name]                                    [Signature]

Exhibit "C"

CRAIG G. STAUB, Bar No. 172857
CARLOS JIMENEZ, Bar No. 227534
LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA  90071
Telephone:    213.443.4300
Fax No.:        213.443.4299

Attorneys for Defendants
CONTINENTAL AIRLINES, INC., and
UNITED AIRLINES, INC.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 06 2014

John A. Clarke, Executive Officer/Clerk
By: J. Colligan, Deputy

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

**BY FAX**

BENJAMIN CASTRO, as an individual
and on behalf of all others similarly
situated,

                    Plaintiffs,

          vs.

CONTINENTAL AIRLINES, INC., a
Delaware Corporation; UNITED
AIRLINES, INC., a Delaware Corporation;
and DOES 1 through 100 inclusive,

                    Defendants.

Case No.  BC529105

ASSIGNED FOR ALL PURPOSES TO
JUDGE ELIHU BERLE; DEPT. 323

**DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT**

Complaint Filed: November 27, 2013

LITTLER MENDELSON, P.C
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants CONTINENTAL AIRLINES, INC. and UNITED AIRLINES, INC. ("Defendants"), hereby answer, on behalf of themselves and for no other defendant, the unverified Complaint ("Complaint") of Plaintiff BENJAMIN CASTRO ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to section 431.30 of the California Code of Civil Procedure, Defendants hereby generally deny each and every allegation contained in the Complaint, and further deny that Plaintiff, or the class he seeks to represent, has been, is or will be damaged in any sum or manner, or is or will be entitled to any recovery or remedy of any type whatsoever, by reason of Defendants' alleged acts, conduct or omissions.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff or admitting that Defendants have any burden of proof, Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.       As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal and, on that basis allege, that the Complaint and each claim set forth therein fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Substantial Compliance)

2.       As a separate and distinct affirmative defense, Defendants allege that, even assuming, *arguendo*, Defendants failed to comply with any provision of the Labor Code, Defendants substantially complied with the Labor Code, thus rendering an award of civil penalties inappropriate under the circumstances.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.       As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations, including, but not

1.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1    limited to, California Code of Civil Procedure sections 340.

2 **FOURTH AFFIRMATIVE DEFENSE**

3 **(Waiver)**

4      4.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's

5 claims are barred, in whole or in part, by the doctrine of waiver.

6 **FIFTH AFFIRMATIVE DEFENSE**

7 **(Consent)**

8      5.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's

9 claims are barred, in whole or in part, by the doctrine of consent.

10 **SIXTH AFFIRMATIVE DEFENSE**

11 **(Estoppel)**

12      6.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's

13 claims are barred, in whole or in part, by the doctrine of estoppel.

14 **SEVENTH AFFIRMATIVE DEFENSE**

15 **(Unclean Hands)**

16      7.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's

17 claims are barred, in whole or in part, by the doctrine of unclean hands. Defendants are informed

18 and believe and thereon allege that any of their conduct that is alleged to have been unlawful or

19 improper was taken as a result of misrepresentation or other wrongful conduct by Plaintiff.

20 **EIGHTH AFFIRMATIVE DEFENSE**

21 **(Unjust Enrichment)**

22      8.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's

23 claims are barred, in whole or in part, on the grounds that Plaintiff and/or the putative class members

24 he seeks to represent would be unjustly enriched if allowed to recover on the Complaint.

25 **NINTH AFFIRMATIVE DEFENSE**

26 **(Excessive Fines)**

27      9.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's

28

2.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

claims are barred, in whole or in part, on the grounds that such claims would impose excessive fines and penalties barred by the California and federal Constitutions.

## TENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

10.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims fail because Plaintiff, and the class he seeks to represent, has been fully paid all amounts legally owed by Defendants, and by accepting the payments made to them, Plaintiff and the class he seeks to represent have effectuated an accord and satisfaction of their claims.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

11.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff has failed to exercise reasonable care to mitigate his damages, if any, and that if it is determined that he has the right to any recovery against Defendants, such recovery should be reduced and/or eliminated by such failure.

## TWELVTH AFFIRMATIVE DEFENSE

### (Release)

12.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff waived and/or released all rights to assert any claims against Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

13.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each claim alleged therein are barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

14.     As a separate and distinct affirmative defense, Defendants allege that a reasonable opportunity for investigation and discovery will reveal and, on that basis, Defendants allege that Plaintiff's claims and/or allegations are unreasonable and/or were filed and/or pursued in bad faith

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1    and/or are frivolous and, for that reason, an award of attorneys' fees and costs is justified against

2    Plaintiff and his attorneys.

3                              **FIFTEENTH AFFIRMATIVE DEFENSE**

4                                        **(Attorneys' Fees)**

5          15.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff fails to

6    state facts sufficient to constitute a claim for which attorneys' fees and/or costs may be awarded.

7                              **SIXTEENTH AFFIRMATIVE DEFENSE**

8                                    **(Inadequate Representation)**

9          16.     As a separate and affirmative defense, Defendants allege that the Complaint and each

10   cause of action set forth therein are barred because Plaintiff lacks standing as a representative of the

11   group of allegedly similarly situated individuals he seeks to represent, and does not adequately

12   represent the putative aggrieved employees or other current and/or former employees of Defendants

13                            **SEVENTEENTH AFFIRMATIVE DEFENSE**

14                 **(Class Action – Standing/Incorrect Entities Sued)**

15         17.     As a separate and distinct affirmative defense, Defendant United Airlines, Inc. alleges

16   that Plaintiff lacks standing to assert the legal rights or interests of others against it.  To the extent

17   that Plaintiff and his counsel seek to represent each and every current and former employee of

18   United Airlines, Inc. in California in the instant matter (regardless of position title or job duties),

19   Defendants contend that Plaintiff and his counsel cannot adequately do so, as Plaintiff is not a

20   current or former employee of United Airlines, Inc.

21                             **EIGHTEENTH AFFIRMATIVE DEFENSE**

22                                   **(Class Action – Standing)**

23         18.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff lacks

24   standing to assert the legal rights or interests of others.  To the extent that Plaintiff and his counsel

25   seek to represent each and every current and former employee in California in the instant matter

26   (regardless of position title or job duties), Defendants contend that Plaintiff and his counsel cannot

27   adequately do so, as he worked in a different department, under a different supervisor, and in a

28                                                4.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1  different position from almost all of those he seeks to represent.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Multiple Penalties Unconstitutional)

19.    As a separate and distinct affirmative defense, Defendants allege that the claims in the Complaint that seek the imposition of multiple penalties and/or exemplary damages for the same basic wrongs are unconstitutional in that such relief violates the Due Process clauses of the Constitutions of both the United States and the State of California.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Preemption)

20.    As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained against Defendants because the resolution of the Plaintiff's state law claims is substantially dependent on analysis of the terms and conditions of the collective bargaining agreement that governs Plaintiff's employment, and is therefore preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. 185(a).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Preemption - Federal Aviation Administration Authorization Act)

21.    As a separate and affirmative defense to the Complaint, Defendants allege that the Complaint and each purported cause of action, or some of them, are barred in whole or in part by the provisions of the Federal Aviation Administration Authorization Act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Preemption – Railway Labor Act)

22.    As a separate and distinct affirmative defense, Defendants allege this Court lacks subject matter jurisdiction because Plaintiff's causes of action are preempted by the Railway Labor Act, 45 U.S.C. §§ 151 et seq., and Plaintiff's exclusive remedy for the alleged violations are the grievance and arbitration provisions set forth in the collective bargaining agreement applicable to Defendant.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Grievance Procedures)

23.    As a separate and distinct affirmative defense, Defendants allege the each cause of action in the Complaint cannot be maintained against Defendants because Plaintiff and/or the putative class members Plaintiffs seek to represent exclusive remedy is a grievance procedure provided by a collective bargaining agreement

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Preemption – Airline Deregulation Act)

24.    As a separate and distinct affirmative defense, Defendants allege this Court lacks subject matter jurisdiction because Plaintiff's causes of action are preempted by the Airline Deregulation Act, 59 U.S.C. §41713(b)(1).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Labor Code § 226(e) – Lack of Injury)

25.    As a separate and distinctive affirmative defense, Defendants allege that Plaintiff, or the putative class members he seeks to represent, sustained no injury from any alleged failure to provide wage statements in conformity with Labor Code section 226(a).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Labor Code § 226(e) – Willfulness)

26.    As a separate and distinctive affirmative defense, Defendants allege that any alleged failure to provide Plaintiff, or the putative class members he seeks to represent, with wage statements in conformity with Labor Code section 226(a) or to pay Plaintiffs or any of them, timely and properly, was not willful.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (*Bona Fide* Dispute)

27.    As a separate and distinct affirmative defense, Defendants allege that the Complaint fails to state a claim for penalties under the California Labor Code in that there was a *bona fide*, good faith dispute as to Defendant's obligations under any applicable Labor Code provisions.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

6.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

28.     As a separate and distinct defense, Defendants allege, that this suit may not be properly maintained as a class action because:  (a) Plaintiff has failed to plead, and cannot establish the necessary procedural elements for, such treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (c) common issues of fact or law do not predominate, rather, to the contrary, individual issues predominate; (d) Plaintiff's claims are not representative or typical of the claims of the putative class members; (e) Plaintiff cannot fairly and adequately represent the interests of the purported class; (f) Plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class; (g) class treatment is neither appropriate nor constitutional under the circumstances in this case; and/or (h) a well-defined community of interest in the questions of law and/or fact affecting Plaintiff does not exist.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Right to Amend)

29.     As a separate and distinct affirmative defense, Defendants reserve the right to amend this Answer should Defendants later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the law support the inclusion of new and/or additional affirmative defenses.

**WHEREFORE, Defendants pray that:**

1.     Plaintiff's Complaint be dismissed in its entirety with prejudice;

2.     Plaintiff takes nothing by his action against Defendants;

3.     Judgment be entered against Plaintiff and in favor of Defendants on all of Plaintiff's causes of action;

4.     Defendants be awarded their costs of suit and attorneys' fees incurred in this action, as provided by law and/or contract; and

7.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

5.      Defendants be awarded such other and further relief as the Court deems fair and just.

Dated: January _6_, 2014

CRAIG G. STAUB
CARLOS JIMENEZ
LITTLER MENDELSON, P.C.
Attorneys for Defendants
CONTINENTAL AIRLINES, INC., and
UNITED AIRLINES, INC.

Firmwide:124764336.4 052664.1109

8.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 633 West 5th Street, 63rd Floor, Los Angeles, CA 90071.  On January 6, 2014, I served a copy of the within document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

☐   by facsimile transmission on that date.  This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3).  The transmission was reported as complete and without error.  The names and facsimile numbers of the person(s) served are as set forth below.

☒   by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below

☐   by messenger service.  I caused said documents to be served by having a professional messenger service, Pro Courier, personally deliver them to the persons at the addresses listed below. (A confirmation document by the professional messenger service will be retained in our office.)

☐   by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Larry W. Lee
Daniel H. Chang
Diversity Law Group, P.C.
A Professional Corporation
550 South Hope Street, Suite 2655
Los Angeles, CA  90071
Telephone: (213) 488-6555
Fax: (213) 488-6554

Thomas M. Lee
Lee Law Offices, APLC
3435 Wilshire Blvd., #2400
Los Angeles, CA  90010
Telephone: (213) 251-5533
Fax: (213) 251-5534

Edward W. Choi
Law Offices of Choi & Associates
3435 Wilshire Blvd., Suite 2400
Los Angeles, CA  90010-2006
Telephone: (213) 381-1515
Fax: (213) 233-4409

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1.

PROOF OF SERVICE

1         I am readily familiar with the firm's practice of collection and processing

2  correspondence for mailing and for shipping via overnight delivery service. Under that practice it

3  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

4  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

5  thereon fully prepaid in the ordinary course of business.

6         I declare that I am employed in the office of a member of the bar of this court at

7  whose direction the service was made.

8         Executed on January 6, 2014 at Los Angeles, California.

9

10                                _____

11                                      Carolyn Ward

12

13

14

15  Firmwide:124878204.1 052664.1109

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

PROOF OF SERVICE