Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Nicholas Rosenthal (State Bar No. 268297)
nrosenthal@diversitylaw.com
DIVERSITY LAW GROUP, P.C.
550 South Hope Street, Suite 2655
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Edward W. Choi, Esq. SBN 211334
edward.choi@calaw.biz
LAW OFFICES OF CHOI & ASSOCIATES
3435 Wilshire Boulevard, Suite 2400
Los Angeles, CA 90010-2006
Telephone: (213) 381-1515
Facsimile: (213) 233-4409

THOMAS M. LEE, Bar No. 210599
LEE LAW OFFICES, APLC
3435 Wilshire Boulevard, Suite 2400
Los Angeles, CA 90010
Telephone: 213.251.5533
Fax No.: 213.251.5534

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CASTRO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>CONTINENTAL AIRLINES, INC., a Delaware Corporation; UNITED AIRLINES, INC, a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:14-cv-00169-SVW-AGR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: November 16, 2015<br>Time: 1:30 p.m.<br>Courtroom: 6<br>Judge: Stephen V. Wilson |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at 1:30 p.m., on November 16, 2015, or as soon thereafter as the matter can be heard in Courtroom 6 of the United States District Court, Central District of California, Western Division, located at 312 N. Spring Street, Los Angeles, CA 90012, before the Honorable Stephen V. Wilson, Plaintiff Zyra Garcia ("Plaintiff") will and hereby does move this Court for an Order finally approving the proposed class action settlement. Specifically, Plaintiff respectfully requests that the Court issue an Order granting final approval of the proposed class action settlement.

Given that this is a Motion for Final Approval of a Settlement reached with Defendants Continental Airlines, Inc. and United Airlines, Inc. ("Defendants"), Plaintiff does not anticipate that Defendants will oppose this Motion.

This Motion is based upon this Notice of Motion and Motion for Final Approval of Class Action Settlement, the attached Memorandum of Points and Authorities in Support, the accompanying Declarations of Larry W. Lee, Edward W. Choi, Thomas M. Lee and Zyra Garcia, any oral argument of counsel, the complete files and records in the above-captioned matter, and such additional matters as the Court may consider.

DATED: October 19, 2015 DIVERSITY LAW GROUP, P.C.

By: /S/LARRY W. LEE
Larry W. Lee, Esq.
Attorney for Plaintiff and the Class

# Table of Contents

**Page**

**I. NATURE OF RELIEF SOUGHT ... 1**

**II. INTRODUCTION AND SUMMARY OF ARGUMENT ... 1**

**III. THE SETTLEMENT PROCESS HAS BEEN DUTIFULLY ADHERED TO AND SUCCESSFULLY CARRIED OUT ... 1**

- **A. Dissemination of Notice ... 2**
- **B. No Objections Have Been Filed To Date and Only Four (4) Exclusions Have Been Requested ... 3**

**IV. OVERVIEW OF ISSUES AND ARGUMENT ... 3**

**V. LITIGATION HISTORY ... 4**

**VI. THE SETTLEMENT ... 6**

**VII. THE SETTLEMENT EXCEEDS THE STANDARDS FOR FINAL APPROVAL ... 7**

- **A. The Strength of Plaintiff's Case Supports Settlement ... 8**
- **B. Risks, Expense, and Duration of Continued Litigation Supports Settlement ... 9**
- **C. The Settlement Amount Favors Settlement ... 9**
- **D. The Extent of Discovery Favors Settlement ... 10**
- **E. The Recommendations of Counsel Favor Approval of the Settlement ... 11**
- **F. The Class Has Responded Favorably to the Proposed Settlement 11**
- **G. The Procedure Through Which the Settlement Was Achieved Supports Final Approval ... 12**

**VIII. CONCLUSION ... 14**

# Table of Authorities

**Page**

**Federal Cases**

*Armstrong v. Board of Sch. Dirs*., 616 F.2d 305, 325 (7th Cir. 1980) ..................... 11

*Boyd v. Bechtel Corp*., 485 F. Supp. 610, 622 (N.D. Cal. 1979) ............................. 11

*Chun–Hoon v. McKee Foods Corp*., 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010) ... 8, 10, 11, 12

*Churchill Vill. LLC v. Gen. Elec*., 361 F.3d 566, 577 (9th Cir .2004) ..................... 12

*Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) ................................ 7

*Dyer v. Wells Fargo Bank, N.A.*, 2014 WL 5369395, at *3 (N.D. Cal. Oct. 22, 2014) ................................................................................ 8, 9, 10, 11, 12

E*llis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980 .................... 11

*Glass v. UBS Fin. Servs., Inc*., No. C–06–4068 MMC, 2007 W L 221862, at *4 (N.D. Cal. Jan. 26, 2007) ....................................................................... 9, 10

*Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998) ..................... 7, 8, 13

*In re Mego Fin. Corp. Sec. Litig*., 213 F.3d 454, 459 (9th Cir. 2000) ..................... 11

*In re Omnivision Techs., Inc*., 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) ..... 9, 12

*Joel A. v. Giuliani*, 218 F.3d 132, 138 (2nd Cir. 2000) ............................................. 7

*Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) ................................ 11

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ........... 13, 14

*McKenzie v. Federal Express Corp*., 2012 US Dist Lexis 103666 (C.D. Cal. July 2, 2012) ................................................................................................ 10

*Moore v. Verizon Commc'ns Inc*., 2013 WL 4610764, at *5 (N.D. Cal. Aug. 28, 2013) .................................................................................................. 8

*Officers for Justice v. Civil Service Comm'n of City and. County of San Francisco*, 688 F.2d 615, 625 (9th. Cir. 1982) ............................................................. 12, 13

*Pallas v. Pacific Bell*, 1999 WL 1209495, at *6 (N.D. Cal. July 13, 1999) ............ 12

*Reed v. General Motors Corp*., 703 F.2d 170, 175 (5th Cir. 1983) ......................... 11

*Rodriguez v. West Publishing Corp*., 563 F.3d 948 (9th Cir. 2009) ........................ 13

*Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983)............................ 11, 13

**Other Authorities**

2 Newberg on Class Actions § 11.24 (4th Ed. & Supp. 2002)................................ 13

Manual for Complex Litigation (Fourth) § 21.6 (2004)......................................... 12

Manual For Complex Litigation (Fourth) § 30.42 .................................................. 13

Manual for Complex Litigation, 4th Ed. ................................................................. 2

**State Statutes**

California Labor Code § 226(a)........................................................................ 3, 4, 8

California Labor Code § 226(e)........................................................................... 3, 4

California Labor Code § 2698 ................................................................................ 5

California Labor Code § 2699 ................................................................................ 3

California Labor Code § 226 .................................................................................. 5

**Federal Rules**

Federal Rule of Civil Procedure 23(e).................................................................... 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. NATURE OF RELIEF SOUGHT

By this motion, Plaintiff Zyra Garcia ("Plaintiff") seeks final approval of a substantial class-wide settlement reached between Plaintiff and Defendants Continental Airlines, Inc. and United Airlines, Inc. ("Defendants") (Plaintiff and Defendants collectively, the "Parties"). On August 5, 2015, this Court granted preliminary approval of this class action settlement. (Doc. No. 60). The Parties now seek this Court's final approval of the settlement.

The settlement requires Defendants to pay a total of $3,250,000.00, a sum which represents a substantial recovery for the members of the Class. **Again, this settlement is non-reversionary, such that no monies will revert back to Defendants. Further, there is no claims process.** All class members who do not exclude themselves and/or have not opted-out will automatically be issued a settlement check. Moreover, all of this Court's orders concerning dissemination of Notice of the Settlement have been scrupulously followed.

Furthermore, out of 3,770 Settlement Class Members, only 4 of those individuals have decided to opt-out, representing an exclusion rate of .1%. As such, this shows that the class members have reacted favorably to the settlement. Based thereon, Plaintiff respectfully requests that final approval be granted in its entirety.

## II. INTRODUCTION AND SUMMARY OF ARGUMENT

After substantial litigation, discovery, and motion practice, including Plaintiff's filing of a motion for class certification, the production and analysis of significant documents and payroll data, and after a full-day's mediation with a highly regarded mediator and a subsequent mediator's proposal, the Parties were able to arrive at the current settlement.

As briefed during the preliminary approval stage, the Parties have reached a class-wide resolution of the claims alleged in this action. At all times, Defendants disputed Plaintiff's contentions, including that this case was suited for class

treatment and, more importantly, that Defendant would prevail on the merits. Had this case not settled, Defendant would have opposed Plaintiff's pending class certification motion and/or filed its Motion for Summary Judgment, seeking dismissal of the claims asserted against Plaintiff and the entire class. However, despite such disagreements and disputes, the parties were ultimately able to reach the current settlement.

The detailed terms of the settlement are set forth in the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement") entered into by the parties and previously provided to this Court as part of the Motion for Preliminary Approval. (Docket Nos. 57 & 58). Pursuant to the settlement terms, Defendant will pay the entirety (100%) of the settlement sum of $3.25 million without any reversion to Defendant.

The proposed settlement meets the criteria for final approval which are set forth in the Manual for Complex Litigation, 4th Ed., is well within the range of what would be fair, reasonable, and adequate in this case. Thus, Plaintiff requests that the Court take the final step in the approval process – granting the requested final approval of the settlement which is sought herein.

## III. THE SETTLEMENT PROCESS HAS BEEN DUTIFULLY ADHERED TO AND SUCCESSFULLY CARRIED OUT

### A. Dissemination of Notice

As noted above, preliminary approval was granted on August 5, 2015. At that time, The Garden City Group ("Settlement Administrator") was appointed by the Court as the Settlement Administrator. The parties, through the work of the Settlement Administrator, have complied with this Court's orders concerning dissemination of the class notice. (Declaration of Jennifer M. Keough ("Keough Decl.") ¶¶ 4-13). In addition, the Settlement Administrator established and operated a toll free telephone number for class members to call with inquiries concerning the settlement and the claims process. (*Id.* at ¶ 9).

The Notice was mailed to the class of 3,770 individuals utilizing the data provided by Defendants. (Keough Decl. ¶¶ 4-7). Of those, 63 were returned as having invalid addresses. 54 of those were re-mailed with an updated address. (Keough Decl. ¶ 8).

**B. No Objections Have Been Filed To Date and Only Four (4) Exclusions Have Been Requested**

The objection deadline will pass on October 19, 2015. As mentioned above, to date, not a single individual has filed any objections to this settlement, and only four (4) individuals (representing .1% of the class) have requested to opt-out of the current settlement, further evidencing the favorable view of the settlement from class members. (Keough Decl. ¶¶ 11-12). Prior to the hearing on this Motion, Plaintiff will file a supplemental brief addressing whether any new objections/exclusions have been filed.

## IV. OVERVIEW OF ISSUES AND ARGUMENT

As discussed in detail in the previously filed Motion for Preliminary Approval (Doc. No. 58), and briefly mentioned above, the class claim at issue in this lawsuit arises out of Defendants' issuance of itemized wage statements (i.e., pay stubs), which every employer is required to do in California pursuant to Labor Code § 226(a). Plaintiff alleges that as a matter of corporate policy, practice and procedure, each and every wage statement issued by Defendants to the class members did not accurately identify the pay period start date, the total hours worked, and the name of the legal entity that is the employer. As a result of such conduct, Plaintiff asserts that the wage statements violated Labor Code § 226(a). As a result of such violations, Plaintiff alleged that Defendants were liable for penalties pursuant to Labor Code § 226(e) and Labor Code § 2699 *et seq*.

Defendants, however, strongly disagree with Plaintiff's contentions and believe that Plaintiff's claims are without merit. In particular, Defendants contend that the claims are not subject to class certification. Further, Defendants argued that

the alleged violations did not amount to the "knowing and intentional" or "injury" standards that are required to be established under Labor Code § 226(e), and that any penalties awarded would be unjust and capricious in nature. Further, to the extent that any appeals would have to be taken, Plaintiff and the Class would not have received any compensation from this case until such appeals were exhausted and assuming that the appeal was decided in Plaintiff's favor. Therefore, Plaintiff and the Class would have faced substantial risk in proceeding with the litigation had a settlement not been reached.

The settlement reached by the parties creates a substantial common fund for the settlement class, while taking into consideration the differing positions on the law and the facts.

## V. LITIGATION HISTORY

On November 27, 2013, Benjamin Castro[1] filed this class action lawsuit in the Los Angeles County Superior Court. Declaration of Larry W. Lee ("Lee Decl.") ¶ 4. On January 8, 2014, Defendants removed the case to the United States District Court for the Central District of California. Lee Decl. ¶ 5. On February 10, 2014, the First Amended Complaint pursuant to the Parties stipulation and this Court's Order. Lee Decl. ¶ 6. In essence, the complaints alleged that Defendants failed to issue accurate itemized wage statements in compliance with California Labor Code § 226(a). Lee Decl. ¶ 7.

Thereafter, the Parties engaged in significant discovery. Specifically Plaintiff issued various written discover requests including interrogatories and document requests. Lee Decl. ¶ 8. In response, Defendants produced responses and nearly 4,000 pages of documents. Lee Decl. ¶ 9. Because of various disputes, motions to compel were also filed against Defendants, which were ultimately resolved by Magistrate Judge Rosenberg. Lee Decl. ¶ 10.

---

[1] As further explained below, Plaintiff Zyra Garcia recently replaced Benjamin Castro as the Named Class Representative.

Subsequently thereafter, the depositions of Defendants' FRCP 30(b)(6) witnesses were taken, which involved four (4) different individuals and which took place in Houston, TX and Chicago, IL. Lee Decl. ¶ 11. Similarly, Defendants also took the deposition of Benjamin Castro. Lee Decl. ¶ 12. Based upon the discovery conducted, the Parties agreed to further amend the complaint. Lee Decl. ¶ 13. As such, pursuant to this Court's Order, the Second Amended Complaint ("SAC") was filed on May 16, 2014. Lee Decl. ¶ 14.

While the SAC continued to assert the same causes of action, and continued to assert the wage statements failure to identify the pay period start date and total hours worked, the allegation regarding the employee ID number was withdrawn. Lee Decl. ¶ 15. However, the SAC also alleged that the wage statements failed to identify the accurate name of the legal entity that is the employer. Lee Decl. ¶ 16.

On September 5, 2014, the Motion for Class Certification was filed. Lee Decl. ¶ 17. While said motion was pending, the Parties agreed to mediate this case, and did so with mediator Mark Rudy on October 1, 2014. Lee Decl. ¶ 18. Mr. Rudy is a well experienced and respected mediator in the area of wage and hour class actions. Lee Decl. ¶ 19. Based upon said mediation, and a mediator's proposal from Mr. Rudy, the Parties reached a class-wide settlement of this case. Lee Decl. ¶ 20.

Subsequent thereto, it was discovered that Benjamin Castro may have a conflict of interest with the class members with respect to the class-wide settlement. Lee Decl. ¶ 21. As a result thereof, the Parties agreed to replace Mr. Castro with Plaintiff Zyra Garcia as the named representative, which this Court approved on May 11, 2015. Lee Decl. ¶ 22. As such, the Third Amended Complaint was filed on May 11, 2015, which identifies Plaintiff Zyra Garcia as the named representative, and which is the operative complaint in this action. Lee Decl. ¶ 23. The TAC alleges the following causes of action: (1) Violation of Labor Code §226; and (2) Penalties Under Labor Code § 2698 *et. seq.* (Private Attorney General Act).

Needless to say, from the time of removal to the instant settlement, the class claims in this case has been actively and vigorously litigated by both Parties.

On August 5, 2015, this Court granted Plaintiff's Motion for Preliminary Approval. (Doc. No. 60). As the Court stated in its Order:

> The Court finds on a preliminary basis that the proposed settlement described in the Agreement (including the monetary provisions, the plan of allocation the release of claims, the proposed award of attorneys' fees and costs and the Class Representative Service Payment) falls within the "range of reasonableness" and therefore grants preliminary approval of the Agreement. Based on a review of the papers submitted by the Parties, the Court finds that the Agreement is the result of extensive arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Agreement is non-collusive.

(Doc. No. 60 at p. 3) Based on the Court's Order granting preliminary approval, it set the hearing on this Motion for Final Approval. (*Id.*)

**VI. THE SETTLEMENT**

The Settlement terms were summarized in detail in the Motion for Preliminary Approval, and Plaintiff respectfully incorporates those arguments herein so as to avoid unnecessary duplication. The specific terms of the settlement are set forth in the Settlement Agreement filed on July 2, 2015. (Doc. No. 57). The principal terms are:

a. Defendants will pay a total Settlement Amount of $3,250,000.00. This sum includes payments made to the settlement class members, the LWDA payment, settlement administration costs, awards of attorneys' fees and costs, and incentive awards to the named plaintiff.

b. The sum available for use for payments to class members after the LWDA payment, settlement administration costs, awards of attorneys' fees and costs, and incentive award to the named plaintiff is designated in the Settlement

Agreement as the Net Settlement Amount. Defendants agree that it shall pay the entirety (100%) of the Net Settlement Amount. **In other words, the settlement is non-reversionary, meaning that no funds will revert back to Defendants.**

c. No claim forms were necessary for any class member to participate in the settlement and receive their share of the settlement. Thus, any class member who does not opt-out in connection with this settlement notice will automatically receive his/her share of the settlement proceeds. On average, each class member will receive approximately a payment of $566.01. (Keough Decl. ¶ 14).

d. All of this Court's orders in connection with the settlement administration process have been followed. (*See* Declaration of Jennifer M. Keough filed herewith).

The settlement represents a compromise between the positions and evaluations of the two sides to this controversy. Clearly, there were significant disagreements between the Parties as to the facts and the law.

## VII. THE SETTLEMENT EXCEEDS THE STANDARDS FOR FINAL APPROVAL

Federal Rule of Civil Procedure 23(e) provides that any compromise of a class action must receive Court approval. The court has broad discretion to grant such approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2nd Cir. 2000). In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The fairness, reasonableness and adequacy of any class action settlement depends on "the relative strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class

action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; ... and the reaction of class members to the proposed settlement." *Hanlon* 150 F.3d at 1026. Here, as set forth in the Motion for Preliminary Approval and discussed below, the factors for final approval of this settlement have been established.

**A. The Strength of Plaintiff's Case Supports Settlement**

This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *Chun–Hoon v. McKee Foods Corp*., 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). As noted above, while Plaintiff had filed the Motion for Class Certification, and while Plaintiff and Plaintiff's counsel strongly believe that said Motion would have been granted, there was no guarantee. Further, even if a class were to be certified, Plaintiff would still be required to show that the alleged violation is indeed a violation of Labor Code § 226(a), and that such violation was knowing and intentional, and caused injury to the class members. Thus, if any of these issues were found against Plaintiff, Plaintiff and the Class would have been without any remedy. Further, to the extent that any appeals would have to be taken, Plaintiff and the Class would not have received any compensation from this case until such appeals were exhausted and assuming that the appeal was decided in Plaintiff's favor. Therefore, Plaintiff and the Class would have faced substantial risk in proceeding with the litigation had a settlement not been reached.

Therefore, this factor favors settlement. See *Dyer v. Wells Fargo Bank, N.A.*, 2014 WL 5369395, at *3 (N.D. Cal. Oct. 22, 2014) (factor favors final approval where "[p]laintiffs acknowledge that, if the settlement is not approved, they will encounter significant obstacles in establishing their claims"); see *also Moore v. Verizon Commc'ns Inc.*, 2013 WL 4610764, at *5 (N.D. Cal. Aug. 28, 2013) (finding that the relative strength of plaintiffs' case favored settlement because plaintiffs admitted they would face hurdles in proving liability and damages).

**B. Risks, Expense, and Duration of Continued Litigation Supports Settlement**

"Difficulties and risks in litigating weigh in favor of approving a class settlement." *Dyer*, 2014 WL 5369395, at *3 (citation omitted). Briefing on class certification, liability and damages, including with respect to any anticipated Motion for Summary Judgment, as well as preparation for trial would have been time-consuming and expensive. Moreover, Plaintiff acknowledges that there was some risk that she would recover nothing for herself and the Class after further protracted litigation. Thus, the risks, expense, and duration of continued litigation favor final approval of the settlement. *See Dyer*, 2014 WL 5369395, at *3 ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing after a lengthy and costly litigation.").

**C. The Settlement Amount Favors Settlement**

"It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving settlement six percent of projected damages). Thus, settlements of 25 to 35 percent of the total potential recovery in wage and hour cases are routinely considered fair and reasonable. *See Dyer*, 2014 WL 5369395, at *3 (settlement reasonable where it "represents approximately one-third of what class members could have obtained had they succeeded at trial"); *Glass v. UBS Fin. Servs., Inc.*, No. C–06–4068 MMC, 2007 W L 221862, at *4 (N.D. Cal. Jan. 26, 2007) (finding settlement worth 25 to 35 percent of best-case recovery reasonable), *aff'd*, 331 Fed. Appx. 452 (9th Cir. 2009).

Here, the settlement provides that Defendant will pay $3.25 million, with the entirety of this sum to be paid out. As already mentioned in the preliminary approval motion, an "apples to apples" comparison can be made between this

settlement, which is in the gross settlement amount of $3,250,000 for 3,770 individuals, and the settlement in *McKenzie v. Federal Express Corp.*, 2012 US Dist Lexis 103666 (C.D. Cal. July 2, 2012), which involved a gross settlement amount of $8,250,000 for 14,348 individuals. Not only did the *McKenzie* case involve the same exaction violations as alleged in the current case, the District Court found that the *McKenzie* settlement to be fair, reasonable and adequate. *Id*. at *6. Given that the settlement dollar per class member is significant higher in the current case than in the *McKenzie* case, it should lead to the logical conclusion that the current settlement is indeed fair, reasonable and adequate. Thus, this settlement amount falls well within the percentage approved in other employment-related class actions, particularly when the uncertainties of continued litigation are taken into account. *Dyer*, 2014 WL 5369395, at *3; *Glass*, 2007 WL 221862, at *4.

Moreover, courts have acknowledged that, even if the court has concerns about the class recovery, the lack of objection to the recovery by the class weighs in favor of finding that the settlement amount is fair and reasonable. *See Chun-Hoon*, 716 F. Supp. 2d at 851. In *Chun-Hoon*, although the court had concerns about the adequacy of the settlement during preliminary certification, the lack of objection to the settlement aided the court in determining that the settlement was beneficial to the class. *Id*. Here, not a single objection was filed. As such, this settlement should be viewed favorably.

**D. The Extent of Discovery Favors Settlement**

Here, settlement was reached following the exchange of significant written discovery, the deposition of Defendants' Rule 30(b)(6) witnesses on four separate occasions and Plaintiff, production and review of substantial amounts of data and documents, and a full-day mediation between counsel facilitated by an experienced class action mediator. (Lee Decl. ¶¶ 8-20). The negotiations at all times were adversarial and non-collusive. (Lee Decl. ¶ 18-20). Moreover, plaintiff's counsel had the discovery necessary to ascertain the value of the class claims. (Lee Decl. ¶

18). Courts have held that such discovery is sufficient for parties to make an informed decision regarding the adequacy of the settlement. *See*, *e.g*., *Dyer*, 2014 WL 5369395, at *3 (parties' participation in written discovery, depositions, witness interviews, and formal mediation favors an informed settlement); *Chun-Hoon*, 716 F. Supp. 2d at 848 (" true value of the class claims is well-known and class counsel possess a sufficient understanding of the issues involved and the strengths and weaknesses of the case"); *see also In re Mego Fin. Corp. Sec. Litig*., 213 F.3d 454, 459 (9th Cir. 2000) (formal discovery not necessary where the parties have sufficient information to make an informed decision about settlement).

**E. The Recommendations of Counsel Favor Approval of the Settlement**

The recommendations of experienced counsel should be given considerable weight. *Boyd v. Bechtel Corp*., 485 F. Supp. 610, 622 (N.D. Cal. 1979); E*llis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight."); *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Reed v. General Motors Corp*., 703 F.2d 170, 175 (5th Cir. 1983); *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983); *Armstrong v. Board of Sch. Dirs*., 616 F.2d 305, 325 (7th Cir. 1980).

Lead counsel for Plaintiff has broad experience litigating employment and, specifically, wage-and-hour class actions. (Lee Decl. ¶¶ 26-29; Choi Decl. ¶¶ 13-15). They support this settlement as a fair and reasonable settlement which is in the best interest of the settlement class. (Lee Decl. ¶ 24; Choi Decl. ¶¶ 3-4). Therefore, this factor favors approval of the settlement. *See Dyer*, 2014 WL 5369395, at *3 (recommendation of plaintiffs' counsel supports approval of settlement); *Chun-Hoon*, 716 F. Supp. 2d at 848 (same).

**F. The Class Has Responded Favorably to the Proposed Settlement**

"[T]he absence of a large number of objections to a proposed class action

settlement raises a strong presumption that" the settlement is favorable to class members. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008), *see Pallas v. Pacific Bell*, 1999 WL 1209495, at *6 (N.D. Cal. July 13, 1999) ("The greater the number of objectors, the heavier the burden on the proponents of settlement to prove fairness.").

Here, not a single objection was filed. Further, only four (4) individuals, representing .1% of the class, have opted out of this settlement. (Keough Decl. at ¶¶ 11-12). Thus, the lack of any objections and miniscule opt-outs strongly support the fairness of the settlement. *See Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir .2004) (approving settlement with 45 objections and 500 opt-outs from a 90,000-person class, representing .05% and .56% of the class, respectively); *Dyer*, 2014 WL 5369395, at *4 (strong support from class in favor of approving settlement where only three of 8,695 class members opted out); *Chun–Hoon*, 716 F. Supp. 2d at 852 (where 16 of 329 class members opted out, court found that positive class reaction "strongly supports settlement").

### G. The Procedure Through Which the Settlement Was Achieved Supports Final Approval

The Ninth Circuit has recognized that the factors to be examined at final approval may differ depending on the circumstance of each case. *Officers for Justice*, 688 F.2d at 625. Therefore, although not one of the Officers for Justice listed factors, the procedures by which the settlement was achieved also strongly support the fairness of the settlement. *See Chun-Hoon*, 716 F. Supp. 2d at 851 ("To these factors, the court adds as a ninth factor to consider the procedure by which the settlement was arrived at"), citing *Manual for Complex Litigation* (Fourth) § 21.6 (2004). As noted above, the parties participated in an arm's-length negotiation, facilitated by a professional mediator with significant class action experience. This weighs in favor of approval of the settlement. *See Chun-Hoon*, 716 F. Supp. 2d at 851 (finding that use of formal arm's-length mediation supported approval of

settlement agreement).

Further, the Ninth Circuit has shown longstanding support of settlements reached through arms' length negotiation by capable opponents. In *Rodriguez v. West Publishing Corp*., 563 F.3d 948 (9th Cir. 2009), the Ninth circuit expressly opined that courts should defer to the "private consensual decision of the [settling] parties." *Id*. at 965, citing *Hanlon*, 150 F.3d at 1027. The primary reason for deferring to such settlements is the experience of counsel and the participation of a neutral, both of which factors are present here.

The *Rodriguez* Court "put a good deal of stock in the product of an arms' length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested." *Rodriguez,* 563 F.3d at 965 (citations omitted). As the Court explained, "[i]n reality, parties, counsel, mediators, and district judges naturally arrive at a reasonable range for settlements by considering the likelihood of a plaintiffs' or defense verdict, the potential recovery, and the chances of obtaining it, discounted to present value." *Id*. at 965 (citations omitted). *See also Williams v. Vukovich*, 720 F.2d 909, 922-923 (6th Cir.1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"); 2 *Newberg on Class Actions* § 11.24 (4th Ed. & Supp. 2002); *Manual For Complex Litigation* (Fourth) § 30.42).

The proposed settlement has no deficiencies. There is no standard or benchmark for determining whether any given settlement is fair. "Ultimately the district court's determination is nothing more than 'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for Justice v. Civil Service Comm'n of City and. County of San Francisco,* 688 F.2d 615, 625 (9th. Cir. 1982) (citation omitted). In making its determination, the Court should weigh the benefits that the settlement will realize for the class against the uncertainty of litigation and the possibility that the class members would obtain no relief in the absence of a settlement. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242

(9th Cir. 1998) ("it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements").

The settlement has been reached after considerable investigation, litigation, negotiation, and involving the mediation efforts of a highly experienced mediator. Each side evaluated the strengths and weaknesses of their case and independently came to the conclusion that this settlement represents a responsible means of addressing the claims of Plaintiff and the Class, as well as Defendants' contention that it would prevail on the merits.

## VIII. CONCLUSION

The parties have reached this settlement following extensive litigation, ongoing case discussions and arms-length negotiations. Plaintiff respectfully requests that the Court:

1. Grant final approval of the proposed settlement;

2. Order payment from the settlement proceeds to the Settlement Administrator in compliance with the Settlement Agreement;

3. Grant the contemporaneously pending Motion for Approval of Attorneys' Fees, Costs, and Representative Enhancement Award;

4. Enter the proposed Final Approval Order and Final Judgment submitted herewith; and

5. Retain continuing jurisdiction over the implementation, interpretation, administration and consummation of the settlement.

DATED: October 19, 2015

DIVERSITY LAW GROUP, P.C.

By: /S/LARRY W. LEE
Larry W. Lee, Esq.
Attorney for Plaintiff and the Class