UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CASTRO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONTINENTAL AIRLINES, INC., a Delaware Corporation; UNITED AIRLINES, INC, a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:14-cv-00169-SVW-AGR<br><br>[2ND *AMENDED* PROPOSED] ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT<br>Date: November 16, 2015<br>Time: 1:30 p.m.<br>Courtroom: 6<br>Judge: Stephen V. Wilson |

## ORDER

On November 16, 2015, Plaintiff Zyra Garcia's ("Plaintiff") Motions for Final Approval of Class Action Settlement and Approval of Attorneys' Fees and Costs and Class Representative Enhancement came on for hearing before this Court. All parties appeared through their counsel of record.

WHEREAS, a class action is pending before this Court, entitled, *Castro v. Continental Airlines, Inc., et. al.*, Case No. 2:14-cv-00169-SVW-AGR;

WHEREAS, the Court has received and reviewed the Joint Stipulation of Class Action Settlement and Release entered into between the Class Representative, on the one hand, and Defendants Continental Airlines, Inc. and United Airlines, Inc. ("Defendants") on the other hand, dated June 16, 2015 (Doc. No. 57) (the "Settlement Agreement"), and has considered the terms of the proposed settlement set forth therein;

WHEREAS, all terms contained herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein;

WHEREAS, on August 3, 2015, this Court entered an Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement, in which the Court approved the form and method of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order further directed that all Settlement Class members be given notice of the Settlement Agreement and of the date for the final fairness hearing;

WHEREAS, the Court has received the declaration of Jennifer M. Keough of The Garden City Group, the Settlement Administrator, attesting to the mailing of the Notice in accordance with the Preliminary Approval Order;

WHEREAS, no objections by class members to the Settlement have been received by the Court and/or the Parties;

WHEREAS, only seven (7) valid opt-outs by class members to the Settlement have been received by the Court and/or the Parties;

WHEREAS, on or about July 13, 2015, Defendant provided notice under the Class Action Fairness Act ("CAFA") to the appropriate governmental officials, and the Court has received no comments or objections from the governmental officials who received CAFA notice; and

1

**ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

1  WHEREAS, the Court having conducted a final fairness hearing on November 16, 2015 (the "Fairness Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action, all Settlement Class members, and Defendant.

2. In accordance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, all Settlement Class members have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law.

3. The Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested litigation, substantial discovery, motion practice, and extensive good-faith arm's length negotiations between the parties, and is in the public interest considering the following factors:

2

ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS AND CLASS
REPRESENTATIVE ENHANCEMENT

(a) the strength of the Plaintiff's case;

(b) the risk, expense, complexity and likely duration of further litigation;

(c) the risk of maintaining class action status throughout the trial;

(d) the amount offered in settlement;

(e) the extent of discovery completed, and the stage of the proceedings;

(f) the experience and views of counsel; and

(g) the reaction of the class members to the proposed settlement. Indeed, here, no objections or opt-outs by class members have been received by this Court. *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998).

4. The Final Approval Motions are hereby GRANTED, and the Settlement Agreement is hereby approved as fair, reasonable, adequate, and in the public interest, and the terms of the Settlement Agreement are hereby determined to be fair, reasonable and adequate, for the exclusive benefit of the Settlement Class members. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

5. This Court confirms as final its conditional certification of the settlement class pursuant to Fed. R. Civ. P. 23(b)(3), as defined in the settlement agreement as: all current and former Continental Legacy Employees who worked in California for Continental Airlines, Inc. who were paid by Continental Airline, Inc.'s payroll system at any time during the period of time from November 27, 2012, through December 31, 2014 (the "Continental Legacy Employees Class").

6. The Court confirms the appointment of Plaintiff Zyra Garcia as the representative of the settlement class.

3

ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT

7. The Court confirms the appointment of the Diversity Law Group, P.C., Law Offices of Choi & Associates and Lee Law Offices, as class counsel for the settlement class.

8. The Court approves payment of the Class Settlement Amount in accordance with the terms of the Settlement Agreement.

9. The allocation plan is hereby approved as fair, adequate, and reasonable. The Class Settlement Amount, Class Representative Enhancement Award, Settlement Administrator fees, payment to the California Labor Workforce Development Agency (the "LWDA"), and Attorneys' Fees and Costs Amount shall be distributed in accordance with the terms of the Settlement Agreement and any further orders of this Court.

10. The Court approves payment of Class Representative Enhancement Awards to Zyra Garcia in the amount of $1000.00, in accordance with the terms of the Settlement Agreement.

11. The Court approves payment of Attorneys' Fees in the amount of $812,500.00 (25% of the Gross Settlement Amount) and Costs in the amount of $25,000.00 to Class Counsel in accordance with the terms of the Settlement Agreement.

12. The Court approves payment of fees to the Settlement Administrator, The Garden City Group, for administration of this Settlement in the amount of $11,900.00, in accordance with the terms of the Settlement Agreement.

13. The Court approves an allocation of $50,000.00 from the settlement fund to the settlement of Plaintiff's claim brought pursuant to the Private Attorney General's Act (the "PAGA"), Section 2698 of the California Labor Code.

14. In consideration of the Class Settlement Amount, and for other good and valuable consideration, each of the Settlement Class members who have not excluded himself/herself from this Settlement shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all claims

4

against Defendant in accordance with the terms of the Settlement Agreement and as the released claims are defined in the Settlement.

15.   The Court hereby dismisses, with prejudice, all of the claims asserted in the operative Third Amended Complaint ("TAC") for: (1) Violation of Labor Code § 226; and (2) Penalties Under Labor Code § 2698 *et. seq.* (Private Attorney General Act).

16.   This Judgment is the Final Judgment in the suit as to all Settlement Class members who have not excluded himself/herself from this Settlement.

17.   Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over: (a) implementation of the Settlement Agreement and its terms; (b) distribution of the Class Settlement Amount, the Class Representative Enhancement Award, Settlement Administrator fees, LWDA payment, and the Attorneys' Fees and Costs; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement, and the administration of claims by Settlement Class members.

18.   In the event that the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Class Members, and Defendants.

19.   This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

**IT IS SO ORDERED.**

DATED: _March 15_, 2016    _____
HON. STEPHEN V. WILSON
United States District Judge

5

ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT